JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Norman Green and Rhea Green, h/w

**(b)** County of Residence of First Listed Plaintiff **Fulton County, GA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel Purtell, Esq. - McEldrew Young Purtell Merritt
123 S. Broad St., Ste. 2250, Phila., PA 19109,
215-545-8800

## DEFENDANTS
Western Express, Inc. and Terry Lee Snyder

County of Residence of First Listed Defendant **Davidson County, TN**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332
Brief description of cause:
Truck collision.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** $2,500,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| January 7, 2022 | /s/ *(signature)* |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __5180 Mallory Road, College Park, GA 30349__

Address of Defendant: __109 East Ct., Hamburg PA 19526__

Place of Accident, Incident or Transaction: __23866 Rogers Clark Blvd., Ruther Glen, VA 22546__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                          *Must sign here*
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* __Trucking.__
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Daniel Purtell, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __January 7, 2022__   _____   __310376__
                             *Sign here if applicable*
                             *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**McELDREW YOUNG PURTELL MERRITT**　　　　　　　　　　*MAJOR JURY MATTER*
Daniel N. Purtell, Esquire
Attorney I.D. #: 310376
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
dpurtell@mceldrewyoung.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORMAN GREEN and RHEA GREEN** (husband and wife)<br>5180 Mallory Road<br>College Park, GA 30349<br>　　　　　　　　**Plaintiffs,**<br>　　vs.<br><br>**WESTERN EXPRESS, INC.**<br>7135 Centennial Place<br>Nashville, TN 37209.<br><br>**TERRY LEE SNYDER**<br>109 East Ct.<br>Hamburg, PA 19526<br>　　　　　　　　**Defendants.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

The Plaintiffs, Norman Green and Rhea Green, by and through their undersigned counsel, McEldrew Young Purtell Merritt, brings the instant action against the Defendants, Western Express, Inc., and Terry Lee Snyder, for damages arising out of a motor vehicle accident, and avers as follows.

### PARTIES

1.　　Plaintiff Norman Green is a citizen and resident of the State of Georgia residing therein at 5180 Mallory Road, College Park, GA 30349.

2.　　Plaintiff Rhea Green is a citizen and resident of the State of Georgia residing therein at 5180 Mallory Road, College Park, GA 30349.

3. Defendant, Terry Lee Snyder, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 109 East Ct., Hamburg, PA 19526.

4. Defendant, Western Express, Inc., is a corporation duly organized and existing under and by virtue of the laws of the State of Tennessee, which regularly conducts business in Philadelphia, Pennsylvania, and its principal place of business located at 7135 Centennial Place, Nashville, TN 37209.

5. Defendant, Western Express, Inc., maintains and operates a permanent business location in the Commonwealth of Pennsylvania, at 2925 Schoenersville Rd, Bethlehem, PA 18017.

## JURISDICTION

6. The Honorable District Court has subject matter jurisdiction over this matter under 28 U.S. Code § 1332, as Plaintiff is a citizen of a different state than both Defendants and the amount in controversy exceeds $75,000.

## FACTS

7. Defendant Western Express, Inc., is a private, interstate, common carrier bearing US DOT Number: 511412.

8. Defendant, Western Express, Inc., in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration (FMCSA) that they have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that they comply with the Federal Motor Carrier Safety Regulations (FMCSR) at all times while operating a commercial motor vehicle in the United States.

9. More specifically, each Form Op-1 submitted contained a "Safety Certification" certifying the FMCSA under penalty of perjury that, at a minimum, the aforesaid Defendants:

   a. Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;
   b. Can produce a copy of the FMCSRs
   c. Had and will have in place a driver safety training/orientation program;
   d. Had and will have prepared and maintain an accident register
   e. Is familiar with DOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;
   f. Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;
   g. Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and
   h. Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States

10. At all times material to Plaintiffs' cause of action, Defendant Terry Lee Snyder, was the actual or ostensible agent, servant, workman, and/or employee, acting in the course and scope of his employment with and on behalf of Defendant Western Express, Inc.

11. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was the operator, possessor, maintainer, and/or in control of the motor vehicle then and there being operated by Defendant Terry Lee Snyder.

12. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was the owner, operator, possessor, and maintainer of a motor vehicle operated by Defendant Terry Lee Snyder, its actual or apparent agent, servant, workman and/or employee acting in the course and scope of his employment with and on behalf of said Defendant.

13. At all times material to Plaintiffs' cause of action, Defendant Terry Lee Snyder, was the actual or apparent agent servant, workman, and/or employee acting in the course and scope of his employment with and on behalf of Defendant Western Express, Inc., and said Defendant had control and authority to direct the manner and result of the work performed by Defendant Terry Lee Snyder.

14. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was responsible for the safety of the vehicle being operated by Defendant Terry Lee Snyder at the time of the incident at issue.

15. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was aware that failure to properly inspect their vehicles could result in serious, permanent, and life-altering injuries to individuals.

16. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was aware that failure to hire, train, supervise, and/or timely discharge employees could result in serious, permanent, and life-altering injuries to individuals.

17. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., understood that in order to safely transport goods, they were required to hire individuals with special driving training and skills.

18. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was required to supervise and monitor their employees and their drivers to ensure that they maintained adequate driving skills to drive professional and commercially.

19. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was aware that the drivers they employed were required to be skilled and trained in operating commercial vehicles or individuals on the road could be seriously harmed or killed.

20. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was aware that they had a duty to investigate and evaluate the background of their potential drivers, as well as their current drivers to make sure their driving records were consistent with individuals who would be professionally driving large vehicles.

21. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., was aware that they had a responsibility to continually monitor the driving records of their new or existing drivers to ensure their drivers were not a hazard to those on the road.

22. At all times material to Plaintiffs' cause of action, Defendant Terry Lee Snyder was aware that he had a responsibility, on behalf of himself and his employer, to properly conduct a pre-trip inspection prior to driving his vehicle for the day, and not drive the vehicle if it was unsafe.

23. At all times material to Plaintiffs' cause of action, Defendant Western Express, Inc., knew or should have known the importance of reevaluating drivers who have safety issues and/or violations on their record.

24. At all times relevant to Plaintiffs' cause of action, Defendant Terry Lee Snyder was aware that it was important for him to obey the rules of the road, the FMCSR, and the laws of the Commonwealth of Virginia while operating the truck at issue.

25. At all times relevant to Plaintiffs' cause of action, Defendant Terry Lee Snyder was aware that speeding and/or failing to yield to traffic conditions or other conditions on a road and/or in a parking lot could result in serious, permanent and life-altering injuries to individuals.

26. All of the acts alleged to have been done or not to have been done by all Defendants were done or not done by said Defendants, their agents, servants, workmen, and/or

employees, acting in the course and scope of their employment with and on behalf of all Defendants.

27. On or about January 9, 2020, Plaintiff Norman Green was working in his capacity as a truck driver for his employer, Greene Transportation, LLC.

28. At or about 1 a.m. that day, Plaintiff Norman Green was sleeping in the sleeper bed in his tractor trailer cab, which was parked in the truck resting section at the Flying J Travel Center truck stop located at 23866 Rogers Clark Blvd, Ruther Glen, VA 22546. An aerial view of that location can be seen below:



29. At or about 1 a.m., Defendant Terry Lee Snyder was driving a tractor trailer for his employer, Defendant Western Express Inc., and entered into the truck resting section at the Flying J Travel Center truck stop located at 23866 Rogers Clark Blvd, Ruther Glen, VA 22546.

30. While Defendant Terry Lee Snyder was driving in the resting section, he was driving at a rate of speed higher than the posted speed limit for said parking lot.

31. While Defendant Terry Lee Snyder was driving in the resting section, he made a left turn, but said Defendant made the turn shorter than was required to miss hitting Plaintiff Norman Green's parked truck.

32. As a result, Defendant Terry Lee Snyder's vehicle slammed violently into the front of Plaintiffs' parked vehicle. A photograph of the damage to Plaintiffs' truck after the collision can be seen below:



33. The magnitude and severity of the impact of said collision indicates Defendant Terry Lee Snyder was speeding and/or traveling too fast for the circumstances.

34. Defendant Terry Lee Snyder collided with Plaintiff Norman Green's truck while operating a tractor trailer and commercial motor vehicle that was negligently entrusted to him with the possession, use and control of by Defendant Western Express, Inc.

35. The impact of the collision caused Plaintiff Norman Green, who was sleeping at the time in his sleeper bed, to be awoken, thrown out of his bed, and tossed around the interior of his truck, causing severe impacts to his knee, back, and shoulder.

36. After the collision, Caroline County Emergency Medical Services were dispatched to the location of the collision, and Plaintiff Norman Green was transported to Spotsylvania Regional Medical Center to received treatment for his injuries.

37. As a result of the collision, Plaintiff Norman Green sustained serious, painful, and permanent injuries which have required continued treatment and rehabilitation, which are described with more particularity hereinafter set forth.

## COUNT I: NEGLIGENCE
## PLAINTIFF NORMAN GREEN v. DEFENDANT TERRY LEE SNYDER

38. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

39. The negligence and carelessness of Defendant Terry Lee Snyder, acting as the agent, ostensible agent, servant, workman and/or employee of Defendant Western Express, Inc., consisted of, but is not limited to, the following:

   a. Failing to regard the rights, safety, and position of Plaintiff at the location aforementioned;
   b. Failing to take due note of the point and position of Plaintiffs' truck at the location aforementioned;
   c. Disregarding and failing to abide by posted speed limits for the parking lot and resting section at the location aforementioned;
   d. Travelling at a high rate of speed that put others, including Plaintiff, in danger and at high risk of injury;
   e. Failing to have said commercial motor vehicle under proper and adequate control;
   f. Failing to properly assess the distance needed to make the left turn safely at the location aforementioned;
   g. Failing to maintain a safe distance between his commercial motor vehicle and Plaintiffs' parked truck;
   h. Failing to look where he was going while driving;

      i. Failing to maintain a safe lane of travel;
      j. Allowing his commercial motor vehicle to strike the front of Plaintiffs' truck;
      k. Failing to conduct a proper pre-trip inspection;
      l. Failing to maintain said commercial motor vehicle in a proper operating condition;
      m. Failing to warn Plaintiff of said commercial motor vehicle's presence, intended course of travel, and impending impact;
      n. Violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standard for those involved with the operation of commercial motor vehicles in interstate commerce, including inter alia:
          1. Violating Part 391 for driving a commercial motor vehicle while not being qualified to do so;
          2. Violating Part 392 for operating a commercial motor vehicle while being fatigued;
          3. Violating Part 392 for failing to maintain control of said commercial motor vehicle;
          4. Violating Part 392 for making an improper turn of a commercial motor vehicle;
          5. Violating Part 392 for driving a commercial motor vehicle at an unsafe speed;
          6. Violating Part 395 for driving said commercial motor vehicle past the federally required limits for hours of service; and
          7. Violating Part 396 for failing to properly inspect, repair and maintain said commercial motor vehicle.
      o. Violating the statutes of the Commonwealth of Virginia and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances.

40. As a result of Defendant's aforementioned negligence, Plaintiff Norman Green sustained injuries to his legs; neck; right shoulder; back, including disk space narrowing, disk desiccation, and severe pain in the lower lumbar spine that required steroid injections to treat the pain, decreased motion, spasms, multilevel spondylosis, deformity and wedging of the T12 vertebra, and herniation of the L 4-5, L5-S1, and L3-4 disks; right knee, including severe pain and chondromalacia in the cartilage of the right knee a radial tear to the lateral meniscus in his right knee that required surgery to repair; left knee, including a tear through the lateral meniscus,

chondromalacia and a baker's cyst; and weight gain due to a decreased ability to be active because of the aforementioned injuries.

41. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has had to undergo extensive medical treatment, including the aforementioned surgery, physical therapy, and the ongoing use of paint medications.

42. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has been and/or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expand such sums for an indefinite time in the future, to his great detriment.

43. As a further result of Defendant's negligence, Plaintiff Norman Green has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

44. As a further result of Defendant's negligence, Plaintiff Norman Green has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

45. As a further result of Defendant's negligence, Plaintiff Norman Green has been unable to attend his usual and daily duties and occupation to the same degree he previously was able, and he will be unable to attend to the same for an indefinite amount of time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT II: VICARIOUS LIABILITY
## PLAINTIFF NORMAN GREEN v. DEFENDANT WESTERN EXPRESS, INC.

46. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

47. At all relevant times, Defendant Terry Lee Snyder was the actual or apparent agent, employee, servant, and/or workman of Defendant Western Express, Inc., and was acting within the course and scope of his employment, under the direct control of said Defendant.

48. Accordingly, Defendant Western Express, Inc., is vicariously liable for Defendant Terry Lee Snyder's aforementioned negligence.

49. Irrespective of the employment relationship, Defendant Western Express, Inc., is an interstate motor carrier subject to Federal Motor Carrier Safety Administration Regulations and is, therefore, responsible for the acts of Defendant Terry Lee Snyder.

50. The negligence and carelessness of Defendant Terry Lee Snyder, committed under the course and scope of his employment with Defendant Western Express, Inc., consisted of, but is not limited to, the acts of negligence as described in paragraphs 37(a-o) of Plaintiffs' Complaint.

51. As a result of Defendants' aforementioned negligence, Plaintiff Norman Green sustained injuries to his legs; neck; right shoulder; back, including disk space narrowing, disk desiccation, and severe pain in the lower lumbar spine that required steroid injections to treat the pain, decreased motion, spasms, multilevel spondylosis, deformity and wedging of the T12 vertebra, and herniation of the L 4-5, L5-S1, and L3-4 disks; right knee, including severe pain and chondromalacia in the cartilage of the right knee a radial tear to the lateral meniscus in his right knee that required surgery to repair; including a tear through the lateral meniscus, chondromalacia

and a baker's cyst; and weight gain due to a decreased ability to be active because of the aforementioned injuries.

54. As a further result of Defendants' aforementioned negligence, Plaintiff Norman Green has had to undergo extensive medical treatment, including the aforementioned surgery, physical therapy, and the ongoing use of paint medications.

53. As a further result of Defendants' aforementioned negligence, Plaintiff Norman Green has been and/or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expand such sums for an indefinite time in the future, to his great detriment.

54. As a further result of Defendants' aforementioned negligence, Plaintiff Norman Green has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

55. As a further result of Defendants' aforementioned negligence, Plaintiff Norman Green has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

56. As a further result of Defendants' aforementioned negligence, Plaintiff Norman Green has been unable to attend his usual and daily duties and occupation to the same degree he previously was able, and he will be unable to attend to the same for an indefinite amount of time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT III: CORPORATE NEGLIGENCE
## PLAINTIFF NORMAN GREEN V. DEFENDANT WESTERN EXPRESS, INC.

57. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

58. The negligence and carelessness of Defendants, singly, jointly, severally and vicariously through their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiff Norman Green, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

59. The negligence carelessness, and/or recklessness of Defendant Western Express, Inc., consisted of, but is not limited to, the following:

   a. Failing to assure that Defendant Terry Lee Snyder was properly qualified to drive said Defendant's commercial motor vehicle;
   b. Failing to assure that Defendant Terry Lee Snyder had the physical ability to safely drive said Defendant's commercial motor vehicle;
   c. Failing to assure that Defendant Terry Lee Snyder was properly trained to drive said Defendant's commercial motor vehicle;
   d. Failing to properly supervise Defendant Terry Lee Snyder.
   e. Failing to properly asses and monitor Defendant Terry Lee Snyder's ability to drive said Defendant's commercial motor vehicle and remove Defendant Terry Lee Snyder from service/employment;
   f. Failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;
   g. Failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;
   h. Seeking out and selecting out and selecting Defendant Terry Lee Snyder to make the subject trip;
   i. Failing to monitor the whereabouts and progress of Defendant Terry Lee Snyder during the trip;
   j. Permitting Defendant Terry Lee Snyder to operate said Defendant's commercial motor vehicle when he was not qualified to do so;
   k. Failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the commercial motor vehicle, including the tractor, the trailer, and the road over public highways;

    l. Violating the FMCSRs which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including inter alia:
1. Violating Part 385 for failing to ensure Defendant Terry Lee Snyder was fit to safely operate a commercial motor vehicle;
2. Violating Part 390 for failing to uphold its duty to properly observe Defendant Terry Lee Snyder while he was operating a commercial motor vehicle;
3. Violating Part 391 for employing Defendant Terry Lee Snyder to drive a commercial motor vehicle despite said defendant being unqualified to do so;
4. Violating Part 392 for necessitating Defendant Terry Lee Snyder operate said commercial motor vehicle at an unsafe speed;
5. Violating Part 395 for allowing Defendant Terry Lee Snyder to drive a commercial motor vehicle past federal limits on hours of operation; and
6. Violating Part 396 for failing to ensure said commercial motor vehicle was properly inspected, repaired and maintained.

60. Defendant Western Express, Inc., was additionally negligent, careless, and/or reckless in connection to Defendant Terry Lee Snyder's operation of said Defendant's commercial motor vehicle as follows:

    a. Failing to properly and adequately prevent individuals said Defendant knew operated or should have known to have operated a motor vehicle in a negligence and/or careless manner;
    b. Failing to properly and adequately entrust said commercial motor vehicle to individuals who operate commercial motor vehicles in a careful and non-negligent manner;
    c. Entrusting said commercial motor vehicle to an individual who was physically and/or mentally unfit to safely operate commercial motor vehicles in a careful and non-negligent;
    d. Entrusting said commercial motor vehicle to an individual who was not properly trained and/or capable to safely operate a commercial motor vehicle in a careful and non-negligent manner; and
    e. Failing to maintain Defendant's commercial motor vehicle in a safe manner, free from malfunctions, defects, and dangerous conditions.

61. As a result of Defendant's aforementioned negligence, Plaintiff Norman Green sustained injuries to his legs; neck; right shoulder; back, including disk space narrowing, disk desiccation, and severe pain in the lower lumbar spine, decreased motion, spasms, multilevel

spondylosis, deformity and wedging of the T12 vertebra, and herniation of the L 4-5, L5-S1, and L3-4 disks; right knee, including severe pain and chondromalacia in the cartilage of the right knee a radial tear to the lateral meniscus in his right knee that required surgery to repair; including a tear through the lateral meniscus, chondromalacia and a baker's cyst; and weight gain due to a decreased ability to be active because of the aforementioned injuries.

62. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has had to undergo extensive medical treatment, including the aforementioned surgery, physical therapy, and the ongoing use of paint medications.

63. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has been and/or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expand such sums for an indefinite time in the future, to his great detriment.

64. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

65. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

66. As a further result of Defendant's aforementioned negligence, Plaintiff Norman Green has unable to attend his usual and daily duties and occupation to the same degree he previously was able, and he will be unable to attend to the same for an indefinite amount of time in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

### COUNT IV: PUNITIVE DAMAGES
### PLAINTIFF NORMAN GREEN V. DEFENDANT WESTERN EXPRESS, INC.

67. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

68. Defendant Wester Express, Inc.'s, actions in continuing to employ Defendant Terry Lee Snyder, as outlined in ¶56:a-l and 57:a-e of Plaintiffs' Complaint, was outrageous, wanton, and recklessly disregarded the life and safety of others on the roadway.

69. Defendant Western Express, Inc.'s, actions in continuing to employ defendant Terry Lee Snyder, as outlined in ¶56:a-l and 57:a-e, was recklessly indifferent to the life and safety of Plaintiff, as doing so presented a clear and obvious risk that Defendant Snyder would cause an accident, which is exactly what happened.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in an amount to be determined at trial.

### COUNT V: LOSS OF CONSORTIUM
### PLAINTIFF RHEA GREEN V. ALL NAMED DEFENDANTS

70. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

71. As a result of the injuries suffered by Plaintiff Norman Green as stated above, Plaintiff Rhea Green Plaintiff has been deprived of the society, companionship, and

consortium with her husband, Plaintiff herein named, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

                                                **McELDREW YOUNG PURTELL MERRITT**

                                                _____
                                                DANIEL PURTELL, ESQUIRE
                                                Attorney for Plaintiff

Dated: January 7, 2022